JOHN P. LEE ET AL., RELATORS, v. PATRICK J. CAHILL
ET AL., RESPONDENTS.

Submitted December 2. 1920—Decided March 5, 1921.

1. The terms of assessors appointed under the provisions of chapter 45 of the laws of 1905 (*Pamph. L.*, *p.* 75), for the term of three years, from January 1st, 1917, and until their successors are appointed and qualify, are not extended by the provisions of chapter 19 of the laws of 1920 (*Pamph. L.*, *p.* 42), approved March 19th, 1920, which provides that wherever the term of office of any elective or appointive assessor now in office shall terminate other than on the 13th day of June of any year following the passage of this act, then and in all such cases such term shall be extended until the 13th day of June following the date when their term would have terminated.

2. The period between the expiration of the fixed term of an assessor appointed under the provisions of chapter 45 of the laws of 1905, and the appointment and qualification of a successor, is not a part of the term within the meaning of the statute.

On *quo warranto.*

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the relators, *Howe & Davis.*

For the respondents, *William A. Lord.*

The opinion of the court was delivered by

KATZENBACH, J. This is a proceeding in *quo warranto.* The city of Orange has the commission form of government. By a resolution of the board of commissioners adopted May 8th, 1917, John Keaster, John P. Lee and John D. Hassett (the latter two being the relators in this case) were appointed as assessors at large for the term of three years, from January 1st, 1917, under an act found in *Pamph. L.* 1905, *p.* 75. which provides, in part, that they, the assessors, "shall hold office for a term of three years, from the 1st of the

month of January next preceding the date of the appointment and until their successors are appointed and qualify." By their appointment under this act the terms of these assessors expired January 1st, 1920. As their successors were not immediately appointed they held over under the provisions of the said act of 1905.

On April 27th, 1920, the board of commissioners of Orange passed a resolution as follows:

"*Resolved*, By the board of commissioners of the city of Orange, That Patrick J. Cahill, Robert C. McNally and John Keaster be and they are hereby appointed assessors at large for a term of three years from the 1st day of January, 1920, at a salary of $800 each per annum, payable in equal semimonthly installments on the first and fifteenth days of each month, and that this resolution take effect on October 1, 1920.

"WILLIAM A. LORD,
"GEORGE ROACH,
"ISAAC SHOENTHAL.

"Adopted April 27th, 1920.
   "JOHN J. BYRNE, C. C."

On March 19th, 1920, there was approved to take effect immediately an act (*Pamph. L.* 1920, *p.* 42) entitled an "Act concerning the terms of assessors." This act provides as follows:

"Wherein [probably misprinted for wherever] the term of office of any elective or appointive assessor now in office shall terminate other than on the thirtieth day of June of any year following the passage of this act, then and in all such cases such term shall be extended until the thirtieth day of June next following the date when their term would have terminated. The term of their successors, whether appointed or elected, shall commence on the first day of July and shall run for the number of years designated in the act under which the appointment is made or the election held. A per diem proportion of the yearly compensation of the assessors

whose term is herein extended shall be paid to such assessors for their services for the time their term is extended."

When the board of commissioners adopted the resolution of April 27th, 1920, above quoted, they probably did not know of the passage of the act of March 19th, 1920. On September 21st, 1920, after being informed of said act, the board of commissioners passed a resolution as follows:

"*Resolved,* By the board of commissioners of the city of Orange, That Patrick J. Cahill, Robert C. McNally and John Keaster be and they are hereby appointed assessors at large for a term of three years, from the first day of July, 1920, at a salary of eight hundred dollars ($800) each per annum, payable in equal semi-monthly installments, on the first and fifteenth days of each month, and that this resolution take effect on October 1st, 1920.

"*And be it further resolved,* That any part of the resolution passed April 27th, 1920, appointing the said Cahill, McNally and Keaster assessors at large, which may be inconsistent with the provisions of this resolution be and it is hereby rescinded."

Under these resolutions of April 27th and September 21st, 1920, the respondents Patrick J. Cahill and Robert C. McNally entered upon their duties as assessors in the place of John P. Lee and John P. Hassett, the relators. The relators now contend that Cahill and McNally are usurping the office of assessors to which they are entitled and they base their contention upon the ground that the act of March 19th, 1920, extended their term of office to July 1st, 1921.

We are of the opinion that this position of the relators is untenable. The fixed term of office of the relators was for three years and expired January 1st, 1920. The act of March 19th, 1920, is prospective and could by its terms only extend the terms of office of assessors whose terms had not yet expired. Assessors whose terms had expired before the passage of the act and were merely holding over pending the appointment and qualification of their successors were not affected by the act. The period between the expiration of the

fixed term and the appointment and qualification of a successor is not a part of the term.

To support the converse of this proposition; that is to say, that the period between the date of the expiration of the fixed term and the appointment and qualification of a successor is a part of the term of office, the relators cite two cases in this state, as follows: *Kelly* v. *Paterson*, 35 *N. J. L.* 196; *Hoagland* v. *Labow*, 32 *Id.* 269.

In the case of Kelly *v.* Paterson the relator Kelly applied to this court for a *mandamus* to admit him to the board of aldermen of Paterson. Kelly had been elected an alderman from the Eighth ward of Paterson under a charter granted in 1869, which provided that the mayor and aldermen "shall hold their office for the term of two years and until others are elected, and duly enter into office in their stead." In 1871 a new charter was enacted which provided "that every person now holding any office in said city * * * shall be entitled to hold the same, for the full term for which he was elected." When the 1871 charter was enacted Kelly was the alderman from the Eighth ward. An election was held in the Eighth ward as created by the new charter for an alderman to succeed Kelly. The ballot box was destroyed by violence and no return was made of an election in that ward. Kelly claimed he was still the alderman from the Eighth ward under the provisions of the act of 1869, quoted above. The court sustained this position. The court did not hold that his term of office was extended, but merely that he was entitled to the office until another was elected and duly entered into office in his stead, just as the relators in this case were entitled to hold their offices after the expiration of their term because of the provision in the act of 1905 that they should hold office for a term of three years and until their successors are appointed and qualify. It is true that in this case the court used the expression that "he [Kelly] holds over under his former term," and "that the time might be extended beyond two years, until some other person was duly elected and qualified to fill," but these expressions, and similar expressions, refer, as we think, not to the term of office but the term

of the officer, and that the case is not an authority to support the contention that the period of time between the expiration of the fixed term and the qualification of a successor is a part of the term of office.

The case of Hoagland *v.* Labow contains no expression on this subject.

If we adopted the contention urged in behalf of the relators that their term had not expired at the time of the approval of the act of March 19th, 1920, the term of the relators would only have been extended under that act to June 30th, 1920. After that they would be still holding over awaiting the appointment and qualification of their successors which was accomplished prior to the date, October 1st, 1920, fixed by both resolutions for the termination of the relators' duties as assessors. Under this theory the relators could have no claim upon the office of assessors after October 1st, 1920. The only theory which it would seem the relators can advance to support their contention that their terms were extended to July 1st, 1921, is, that after July 1st, of any year has passed without the appointment and qualification of successors, their terms are extended automatically as it were to the 1st of July of the following year, and no appointment and qualification of successors subsequent to July 1st of any year can have any effect until the 1st of July following the date of their appointment and qualification. The mere statement of this proposition shows its absurdity. It completely ignores the act of 1905, under which the relators were appointed, which ends their tenure of office upon the appointment and qualification of their successors after the expiration of their fixed term.

We find that the relators have no standing and no title to the office of assessors of Orange, and direct judgment to be entered in favor of the respondents.

It is only necessary to decide that the relators have no title to the offices they seek. It is not necessary to decide under which of the resolutions of the board of commissioners the respondents hold their offices.